IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SANDSHAKER LOUNGE &
PACKAGE STORE, LLC,
a Florida limited liability company,

    Plaintiff/Appellant,

v.                                               CASE NO: 3:13-cv-00114

QUIETWATER ENTERTAINMENT, INC.
a Florida corporation,

    Defendant/Appellee.
_____/

## COMPLAINT

**COMES NOW** the Plaintiff/Appellant, Sandshaker Lounge & Package Store, LLC (hereinafter "Sandshaker"), by and through its undersigned counsel, and brings this action against the Defendant/Appellee, Quietwater Entertainment, Inc. (hereinafter "Quietwater") and alleges as follows:

### Jurisdiction

1. This is an action to review the decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (hereinafter "TTAB" or "Board"), in Cancellation No.: 92051664.

2. This Court has jurisdiction pursuant to 15 U.S.C. §1071, and the Trademark Act §21.

3. This Court has supplemental jurisdiction over any related state and common law claims pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

**Parties**

5. Sandshaker, is a Florida limited liability company with its principal place of business at 731 Pensacola Beach Boulevard, Pensacola Beach, Florida 32561.

6. Quietwater, is a Florida corporation with its principal place of business located at 400 Quietwater Beach Road, Pensacola Beach, Florida 32561.

**Proceedings**

7. On October 27, 2009, Sandshaker filed its Petition for Cancellation of Registration of the Trademark "Bushwacker", Reg. # 2925268, registered by Quietwater, for entertainment services in the nature of a festival featuring live musical groups, Cancellation No.: 92051664.

8. As grounds for its Petition, Sandshaker alleged deceptiveness, priority, likelihood of confusion, and dilution, pursuant to the Trademark Act, §§2(a), 2(d) and 43(c).

9. The matter was heard before the Board on October 25, 2012.

10. On January 31, 2013, the Board denied Sandshaker's petition, finding that Sandshaker had not established prior rights in the pleaded mark and that Sandshaker had acquiesced to Quietwater's use of the "Bushwacker" mark for the registered services. (A copy of the Board's decision is attached hereto as **Exhibit "A"**).

11. Review of the Board's decision is timely made by the filing of this action.

**General Allegations**

12. Sandshaker adopted and first used the mark "Bushwacker" on or about January 1, 1977, and first used the mark in commerce on or about January 1, 1977.

13. Trademark Registration No. 2925268 of the mark "Bushwacker" was issued to Quietwater on February 8, 2005, alleging dates of first use as January 1, 1988 and first used in commerce on January 1, 1988.

14. Sandshaker's first use of the mark "Bushwacker" and its first use of the mark in commerce predates Quietwater's first use.

15. Sandshaker is now and has for many years been engaged in the entertainment, lounge, bar, and package liquor business on Pensacola Beach, Florida.

16. In 1977 Sandshaker first applied the name "Bushwacker" to an alcoholic beverage it created containing rum, Kahlua, cream of coconut, creme of cocao, and milk.

17. The drink immediately became a local favorite and since that time Sandshaker has called itself the "Home of the Original Bushwacker."[1]

18. Sandshaker has never abandoned its connection or use of the name "Bushwacker."

19. Sandshaker has substantially, exclusively and continuously used the mark in commerce since at least as early as December, 1977.

20. Through Sandshaker's continuous use, the "Bushwacker" mark has become famous locally, regionally, and arguably nationally. As such, Sandshaker has

---

[1] Sandshaker applied for registration of the mark "Home of the Original Bushwacker" on October 6, 2009, U.S. Serial Number 77842217. The application was suspended pending the outcome of the cancellation proceeding.

acquired distinctiveness with the mark. See, Lanham Act Sec. 2(f); 15 U.S.C. Sec. 1052(f).

21.     Sandshaker has used the "Bushwacker" mark in connection with its lounge, bar, and package store business, including live musical and festival events held on the Sandshaker premises and on Pensacola Beach since 1977. As such, Sandshaker has developed good will and common law rights in its use of at the mark under U.S.C. Sec. 1125(a).

22.     Since Sandshaker's adoption and initial use of the "Bushwacker" mark, Sandshaker has made a substantial investment in marketing and promoting the drink "Bushwacker," and itself as the "Home of the Original Bushwacker" and promoting its goods and services under the mark, including musical entertainment events and festivals. Sandshaker has extensively used, advertised, promoted and offered for sale goods, services and events under the mark.

23.     Sandshaker's customers and general public have come to know and recognize the "Bushwacker" mark and associate this mark with Sandshaker's establishment.

24.     Sandshaker has built extensive goodwill with the use of the mark.

25.     "Bushwacker" is a distinctive mark and serves as a unique designation of origin with respect to the goods and services offered by Sandshaker. The mark has acquired secondary meaning to the public indicating Sandshaker as the source of goods and services connected with the mark.

26.     As a result of Sandshaker's substantial and continuous use of the "Bushwacker" mark, including advertising, labeling and marketing, "Bushwacker" has

become an asset of substantial value to Sandshaker as a distinctive indication of the origin of its goods and services.

## Count I
## Cancellation of Quietwater's Federal Trademark Registration
## Pursuant to 15 U.S.C §1064 and §1052(a) & (d)

27. Sandshaker incorporates by reference the allegations contained in paragraphs 1 through 26, and further alleges:

28. This is an action for cancellation of a registered mark pursuant to 15 U.S.C. §1052.

29. Quietwater's registered mark "Bushwhacker" is the same mark used by Sandshaker.

30. Sandshaker acquired trade identity rights in the mark before Quietwater used and registered the mark, or even before Quietwater existed.

31. Quietwater registered mark is likely to cause confusion when used in connection with the services offered by Quietwater.

32. Sandshaker's prior use of a confusingly similar mark is grounds for cancellation of Quietwater's mark.

33. Registration of Quietwater's mark will cause damage to Sandshaker.

**WHEREFORE**, Plaintiff/Appellant, Sandshaker Lounge and Package Store, LLC, requests the Court to enter a judgment in its favor and against the Defendant/Appellee, Quietwater Entertainment, Inc., canceling Federal Trademark Registration Number 2925268, and for such further relief as the Court deems appropriate.

### Count II
### Cancellation of Quietwater's Federal Trademark Registration
### Pursuant to 15 U.S.C §1064 and 15 U.S.C. §1125

34. Sandshaker incorporates by reference the allegations contained in paragraphs 1 through 26, and further alleges:

35. This is an action for cancellation of a registered mark pursuant to 15 U.S.C. §§1064 and 1125(c).

36. Quietwater's registered mark "Bushwhacker" is the same mark used by Sandshaker.

37. Sandshaker acquired trade identity rights in the mark before Quietwater used and registered the mark.

38. Sandshaker's mark has become famous locally, regionally, and arguably nationally.

39. Quietwater's use of the registered mark in commerce is likely to cause dilution by blurring or dilution by tarnishment of Sandshaker's famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

40. Such dilution of Sandshaker's mark is grounds for cancellation of Quietwater's registered mark.

41. Registration of Quietwater's mark will cause damage to Sandshaker.

**WHEREFORE**, Plaintiff/Appellant, Sandshaker Lounge and Package Store, LLC, requests the Court to enter a judgment in its favor and against the Defendant/Appellee, Quietwater Entertainment, Inc., canceling Federal Trademark Registration Number 2925268, and for such further relief as the Court deems appropriate.

### Count III
### Action for Damages Pursuant 15 U.S.C. §1125(a)

42. Sandshaker incorporates by reference the allegations contained in paragraphs 1 through 26, and further alleges:

43. This is an action for damages pursuant to 15 U.S.C.A. §1125(a).

44. Quietwater's registered mark "Bushwhacker" is the same mark used by Sandshaker.

45. Sandshaker acquired trade identity rights in the mark before Quietwater used and registered its mark.

46. Sandshaker's mark has become famous locally, regionally, and arguably nationally.

47. Quietwater's use of its mark in commerce has caused confusion, as to its affiliation, connection, or association with Sandshaker's mark.

48. As a result of Quietwater's use of the "Bushwacker" mark, Sandshaker has been damaged.

**WHEREFORE**, Plaintiff/Appellant, Sandshaker Lounge and Package Store, LLC, requests the Court to enter judgment in its favor and against the Defendant/Appellee, Quietwater Entertainment, Inc., for damages incurred as a result of Quietwater's infringement of Sandshaker's trademark, and for such further relief as the Court deems appropriate.

### Count IV
### Injunctive Relief Pursuant to 15 U.S.C.A. §1125(c)

49. Sandshaker incorporates by reference the allegations contained in paragraphs 1 through 26, and further alleges:

50. This is an action for injunctive relief pursuant to 15 U.S.C.A. §1125(c).

51. Quietwater's registered mark "Bushwhacker" is the same mark used by Sandshaker.

52. Sandshaker acquired trade identity rights in the mark before Quietwater used and registered the mark.

53. Sandshaker's mark has become famous locally, regionally, and arguably nationally.

54. Quietwater's use of its registered mark in commerce is likely to cause dilution by blurring or dilution by tarnishment of Sandshaker's famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

55. Such dilution of Sandshaker's mark is grounds for injunctive relief.

56. Quietwater's continued use of the "Bushwacker" mark will cause Sandshaker irreparable harm for which there is no adequate remedy at law, and the issuance of an injunction in this case is in the public interest.

**WHEREFORE**, Plaintiff/Appellant, Sandshaker Lounge and Package Store, LLC, requests the Court to enter a permanent injunction in its favor and against the Defendant/Appellee, Quietwater Entertainment, Inc., enjoining Quietwater from further use of Federal Trademark Registration Number 2925268, and for such further relief as the Court deems appropriate.

### Count V
### Common Law Right To Exclusive Use Of The Mark
### In Sandshaker's Zone Of Reputation

57. Sandshaker incorporates by reference the allegations contained in paragraphs 1 through 26, and further alleges:

58. This is an action for declaratory relief pursuant to 28 U.S.C.A. §2201 and §2202.

59. Quietwater applied for full registration of its mark without recognition of Sandshaker's exclusive common-law rights to the use of its mark in the zone of reputation established by Sandshaker through its prior and continuous use of the mark.

60. Quietwater's unrestricted registration and use of its service mark will result in infringement of Sandshaker's common-law right to the use of the "Bushwacker" mark.

61. Therefore, Quietwater's registration and use of its mark should be limited in scope so as not to impair Sandshaker's common-law rights in the use of the mark.

**WHEREFORE,** Plaintiff/Appellant, Sandshaker Lounge and Package Store, LLC, requests this Court to enter a declaration that the use of Defendant/Appellee, Quietwater Entertainment, Inc., mark be limited in scope and that this Court enter an award in favor of Sandshaker and against Quietwater, and for such further relief as the Court deems appropriate.

### COUNT VI
### Declaratory Action As To Cancellation of License To Use Mark.

62. Sandshaker incorporates by reference the allegations contained in paragraphs 1 through 26, and further alleges:

63. This is an action for declaratory relief.

9

64. June Guerra, ("Guerra") the owner of Quietwater first met Linda Taylor, the owner of Sandshaker at a Pensacola Beach leaseholders meeting. This group later evolved into the Pensacola Beach Chamber of Commerce.

65. In 1987, at the Pensacola Beach leaseholders meeting, the group discussed the need for an event or festival the first weekend in August and other traditional low tourist periods.

66. At this meeting Guerra was asked to come up with an event the first week of August.

67. Quietwater hired the Cooper Yates Advertising Agency to come up with a theme for the first weekend in August event. The selected name of the festival came from the *Bushwacker* drink.

68. Linda Taylor, the owner of Sandshaker and the creator of the Bushwaker drink, agreed with the use of the name *Bushwacker* in connection with the festival because it was for the good of the beach business as a whole.

69. As a part of the first event in 1988, and for three years thereafter, a *Bushwacker* drink contest was conducted on the public area of the Boardwalk known as the "shell."

70. At the event in the year 2000, Taylor and the staff of the Sandshaker were brought onto the stage and Taylor was recognized as the person who brought the *Bushwacker* to the beach.

71. From the first event and continuing until 2005, Sandshaker and Linda Taylor consented to the use of the name *Bushwacker* in connection the music event held by Quietwater and held a simultaneous music event also using the mark.

72. In July 2005, Guerra informed Beverley Campbell that the Sandshaker could not have an event called "Bushwacker Beach Weekend" that year because Quietwater owns a trademark on the name Bushwacker Festival.

72. While Linda Taylor consented to the use of the mark *Bushwacker* by Quietwater on a non-exclusive basis in connection with the annual music festival, she did not consent to the registration of the mark by Quietwater.

73. The registration of the mark by Quietwater was without the consent or knowledge of Sandshaker.

74. Quietwater now claims exclusive use of the mark *Bushwacker* in connection with a live musical event despite the fact that its rights to this use were by the consent and license of Sandshaker.

75. Sandshaker desires to terminate and/or revoke the license granted to Quietwater.

**WHEREFORE,** Plaintiff/Appellant, Sandshaker Lounge and Package Store, LLC, requests this Court to enter a declaration that the permission for Quietwater Entertainment, Inc. to use the *Bushwacker* mark granted by Linda Taylor at the Sandshaker, the common law owner of the mark, was a revocable license which did not include the right of registration and that this license has been revoked.

**A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**

s/Robert O. Beasley
Robert O. Beasley
Litvak, Beasley & Wilson, LLP
226 East Government Street
Pensacola, FL 32502
(850) 432-9818
Fax No.: 850-432-9830
rob@lawpensacola.com

11